**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF IOWA**
**CENTRAL DIVISION**

| | |
|---|---|
| **ANNETTE HOLDINGS, INC. d/b/a TMC TRANSPORTATION**<br><br>          **Plaintiff,**<br><br>v.<br><br>**CATERPILLAR INC.,**<br><br>          **Defendant.** | Case No. _____<br><br><br>**COMPLAINT**<br>**AND**<br>**JURY DEMAND** |

Plaintiff, by and through their counsel Riccolo & Semelroth, P.C., Cedar Rapids, Iowa,

and for their Complaint against the Defendant state to the Court as follows:

<u>PARTIES, JURISDICTION, & VENUE</u>

1.  Plaintiff Annette Holdings, Inc. d/b/a TMC Transportation, Inc. (hereinafter referred to as "Plaintiff") is an Iowa Corporation with its principal place of business in Des Moines County, Iowa.

2.  Defendant Caterpillar Inc. (hereinafter referred to as "Caterpillar") is a corporation organized under the laws of Delaware with its principal place of business in Peoria, Illinois and may be served with process by serving its registered agent C T Corporation System, 500 East Court Avenue, Des Moines, IA 50309.

3.  The Court has jurisdiction over the parties and controversy pursuant to 28 U.S.C. §1332 because the amount in controversy exceeds $75,000.00 and complete diversity of citizenship exists.

4.  Venue is proper in Iowa because all or a substantial part of the acts or omissions giving rise to this lawsuit occurred in Iowa.

5. Venue is permissive in Iowa because Defendant's authorized agent solicited the transaction in Iowa underlying this suit.

## COMMON ALLEGATIONS

6. On or about August 2007, Plaintiff purchased ninety-two (92) Caterpillar C15 engines from Defendant Caterpillar.

7. The engines referred to in paragraph 6 of this Complaint, where installed into Peterbilt semi-trucks.

8. At the time of sale referred to in paragraph 6 of this Complaint, Defendant's agents and representatives assured Plaintiff that the engines were in good working order and without defects and Plaintiff justifiably relied on that assurance. Defendant's agents and representatives also assured Plaintiff Premier that the engines would have the same, if not better, fuel economy as the engines manufactured in the previous year by Caterpillar and Plaintiff Premier justifiably relied on that assurance.

9. After the purchase of Defendant's engines, described in paragraph 6 of this Complaint, Plaintiff began to experience numerous breakdowns of the engines, specifically the emissions and/or regeneration systems.

10. Subsequent to the breakdowns, the engines went into service shops to repair problems directly related to these systems.

11. Despite Defendant's numerous attempts to correct the emissions and/or regeneration problems, air compressors, and turbo chargers, Defendant has failed to correct the problems within a reasonable time.

12. Defendant made assurances to Plaintiff that each repair or remedy would solve the defect.

13. Plaintiff justifiably relied on the assurances made by Defendants described in paragraph 15 of this Complaint.

14. Plaintiffs' engines and specifically the emissions and/or regeneration systems including the Caterpillar Regeneration System, Aftertreatment Regeneration Device, Diesel Particulate Filter and their related components, air compressors and their related components, and turbo chargers and their related components continued to be defective.

15. Plaintiff's engines have had worse fuel economy than the engines manufactured in the previous year by Defendant which has cost Plaintiff hundreds of thousands of dollars in additional fuel expense.

16. Defendant has been in the business of selling and servicing the engines described in paragraph 6 of this Complaint.

17. Defendant knew or should have known of the defects to the emissions and/or regeneration systems in the engines described in paragraph 6 of this Complaint.

18. Prior to selling the engines, Defendant did not notify Plaintiff of the defects to the engines.

19. The omissions, representations, and assurances as described in Paragraph 8 induced Plaintiff to purchase the defective engines and lease the trucks containing the engines.

20. As a result, Plaintiff have suffered substantial financial losses and other damages as a result of Defendants actions and the defective engines.

COUNT I:<br>BREACH OF IMPLIED WARRANTY

Plaintiffs for its cause of action against Defendant Caterpillar, state to the Court as follows:

21. Plaintiff replead paragraphs 1 through 20 as though fully set forth herein.

22. Defendant impliedly assured Plaintiff that the engines they sold Plaintiff were free from defects and were suitable to perform duties for which they were manufactured and made.

23. The engines sold to Plaintiff were defective at the time they were sold to Plaintiff.

24. Defendant has breached the implied warranty of merchantability as well as the implied warranty that the trucks were fit for the particular purpose sold which, was to power a revenue-earning over-the-road trucks.

25. Defendant impliedly assured that the repairs to the engines would be completed in a good and workmanlike manner.

26. The engines have failed to be properly repaired and the defects have not been remedied.

27. Defendant has breached the implied warranties to make appropriate repairs and remedies.

28. Defendant has breached the implied warranty of good and workmanlike performance applicable to the repair services of their engines.

29. Defendant was notified of the defects in the emissions and/or regeneration systems including the Caterpillar Regeneration System, Aftertreatment Regeneration Device, Diesel Particulate Filter, and their related components, turbo chargers and their components, air compressors and their components, and decreased fuel economy in the engines but has failed to correct them within a reasonable time.

30. As a result of Defendant's breach of these warranties Plaintiff has suffered, and in reasonable probability will suffer in the future, financial loss and other damages including  but not limited to:

    a. Loss of profits;
    b. Downtime expenses and losses;
    c. Diminished value;
    d. The value of the purchase price of the tractor-trailer (Plaintiff tender the trucks back in return for their full purchase price based upon the doctrine of revocation);
    e. Future repair expenses due to the defects that Defendant has failed to remedy,:
    f. Towing expenses;
    g. Lodging expenses;
    h. Unreimbursed driver downtime;
    i. Engine replacement costs;
    j. Increased fuel consumption expenses;
    k. Out of pocket repair and maintenance expenses;
    l. Loss of revenue; and

  m. All other economic, financial, consequential and incidental damages allowed by law or equity.

31. Plaintiff is entitled to recover all actual and economic damages, including all consequential and incidental damages listed herein, from Defendant because all exclusive or limited express warranties have failed in their essential purpose.

32. Defendant's acts have rendered all exclusive or limited express warranties inapplicable because they have failed their essential purpose in that no amount of repair has been able to remedy the defects in Plaintiff's engines.

  WHEREFORE, Plaintiff pray for judgment against Defendant Caterpillar in an amount that will fully, fairly and adequately compensate them for their damages, together with interest a provided by law and costs of this action.

COUNT II:
BREACH OF EXPRESS WARRANTY

Plaintiff for its cause of action against Defendant Caterpillar, state to the Court as follows:

33. Plaintiff replead paragraphs 1 through 32 as though fully set forth herein.

34. Defendant expressly assured that the engines they sold to Plaintiff were free from defects and were suitable to perform duties for which they were manufactured and made.

35. Defendant expressly warranted that the engines sold to Plaintiff would have the same, if not better, fuel economy as the engines manufactured in the previous year by Defendant.

36. The engines sold and leased to Plaintiff were defective at the time they were sold to Plaintiff Premier.

37. Defendant expressly assured that if a defect in the engines was found Defendant would provide parts and service needed to correct the defect.

38. The engines sold and leased to Plaintiff were defective at the time they were sold and Defendant has failed to remedy the defects.

39. Defendant has breached the express warranty.

40. Defendant was notified of the defects in the emissions and/or regeneration systems including the Caterpillar Regeneration System, Aftertreatment Regeneration Device, Diesel Particulate Filter, and their related components, turbo chargers and their components, air compressors and their components, and decreased fuel economy in the engines but has failed to correct them within a reasonable time.

41. By failing to provide engines that met the express warranty and failing to remedy the known defects, the warranty has failed its essential purpose.

42. As a result of Defendant's breach of these warranties Plaintiff has suffered, and in reasonable probability will suffer in the future, financial loss and other damages including but not limited to:

    a.  Loss of profits;
    b.  Downtime expenses and losses;
    c.  Diminished value;
    d.  The value of the purchase price of the tractor-trailer (Plaintiff tender the trucks back in return for their full purchase price based upon the doctrine of revocation);
    e.  Future repair expenses due to the defects that Defendant has failed to remedy,:
    f.  Towing expenses;
    g.  Lodging expenses;
    h.  Unreimbursed driver downtime;
    i.  Engine replacement costs;
    j.  Increased fuel consumption expenses;
    k.  Out of pocket repair and maintenance expenses;
    l.  Loss of revenue; and
    m.  All other economic, financial, consequential and incidental damages allowed by law or equity.

43. Plaintiff is entitled to recover all actual and economic damages, including all consequential and incidental damages listed herein, from Defendant because all exclusive or limited express warranties have failed in their essential purpose.

44. Plaintiff has also incurred and will in reasonable probability incur damages associated with non-warrantable repair and maintenance expenses resulting from Defendant's failure to properly permanent correct the defects in the engines within the warranty period.

45. Defendant's acts have rendered all exclusive or limited express warranties inapplicable because they have failed their essential purpose in that no amount of repair has been able to remedy the defects in Plaintiff's engines.

WHEREFORE, Plaintiff pray for judgment against Defendant Caterpillar in an amount that will fully, fairly and adequately compensate them for their damages, together with interest a provided by law and costs of this action.

## COUNT III:
## NEGLIGENT MISREPRESENTATION

Plaintiff for their cause of action against Defendant Caterpillar, state to the Court as follows:

46. Plaintiff replead paragraphs 1 through 45 as though fully set forth herein.

47. On and prior to August 2007, and at all times relevant, Defendant negligently supplied information to Plaintiff that the Caterpillar C15 engines were fit for their intended use, as well as the aforementioned information which was false.

48. The Defendant intended to supply the information for the benefit and guidance of the Plaintiff.

49. The Defendant intended the information to influence Plaintiff's decision to purchase the C15 engines from Defendant.

50. The Plaintiff acted in reliance on the truth of the information supplied and were justified in relying on the information.

51. The negligently supplied information was a cause of the Plaintiff's damages, including but not limited to:

    a.  Loss of profits;

b. Downtime expenses and losses;

c. Diminished value;

d. The value of the purchase price of the tractor-trailer (Plaintiff tender the trucks back in return for their full purchase price based upon the doctrine of revocation);

e. Future repair expenses due to the defects that Defendant has failed to remedy,:

f. Towing expenses;

g. Lodging expenses;

h. Unreimbursed driver downtime;

i. Engine replacement costs;

j. Increased fuel consumption expenses;

k. Out of pocket repair and maintenance expenses;

l. Loss of revenue; and

m. All other economic, financial, consequential and incidental damages allowed by law or equity.

WHEREFORE, Plaintiff prays for judgment against Defendant Caterpillar in an amount that will fully, fairly and adequately compensate them for their damages, together with interest a provided by law and costs of this action.

## COUNT IV:
## FRAUDULENT MISREPRESENTATION

Plaintiff for their cause of action against Defendant Caterpillar, state to the Court as follows:

52. Plaintiff replead paragraphs 1 through 51 as though fully set forth herein.

53. On and prior to August 2007, and at all times relevant, Defendant made a representation to Plaintiff that the Caterpillar C15 engines were fit for their intended use and that the engines would have the same, if not better, fuel economy as the engines manufactured in the previous year.

54. The representations were false.

55. The representation were material.

56. Upon information and belief, Defendant knew the engines including the emissions systems and/or regeneration systems, including the Caterpillar Regeneration System, Aftertreatment Regeneration Device, Diesel Particulate Filter, and their related components, turbo chargers and their components, and air compressors and their components were defective

and that the engines would not have the same, if not better fuel economy as the engines manufactured in the previous year.

57. Defendant intended to deceive Plaintiff.

58. The Defendant intended to deceive Plaintiff in order to induce it to purchase the defective C15 engines.

59. Plaintiff acted in reliance on the truth of the representation and was justified in relying on the representation.

60. After August 2007, and at all times relevant, Defendant made a representation to the Plaintiff that the repairs and remedies offered would fix the known defects.

61. The representations were false.

62. The representations were material.

63. The defendant knew its representation that the repairs and remedies it offered would not fix the known defects in the C15 engines.

64. The Defendants intended to deceive the Plaintiff.

65. The Plaintiff acted in reliance on the truth of the representation and were justified in relying on the misrepresentations.

66. As a result of Defendant's fraudulent misrepresentations Plaintiff suffered financial damages including but not limited to:

    a. Loss of profits;
    b. Downtime expenses and losses;
    c. Diminished value;
    d. The value of the purchase price of the tractor-trailer (Plaintiff tender the trucks back in return for their full purchase price based upon the doctrine of revocation);
    e. Future repair expenses due to the defects that Defendant has failed to remedy,:
    f. Towing expenses;
    g. Lodging expenses;
    h. Unreimbursed driver downtime;
    i. Engine replacement costs;
    j. Increased fuel consumption expenses;
    k. Out of pocket repair and maintenance expenses;

l.   Loss of revenue; and

m.  All other economic, financial, consequential and incidental damages allowed by law or equity.

WHEREFORE, Plaintiff prays for judgment against Defendant Caterpillar in an amount that will fully, fairly and adequately compensate them for their damages, together with interest a provided by law and costs of this action.

## COUNT V:
## BREACH OF CONTRACT

Plaintiff for their cause of action against Defendant Caterpillar, state to the Court as follows:

67. Plaintiff replead paragraphs 1 through 66 as though fully set forth herein.

68. Plaintiff and Defendant entered into valid binding written contracts.

69. Plaintiff complied with all the terms and conditions of the agreement.

70. Defendant breached the contract with Plaintiff by providing defective engines and failing to make reasonable repairs.

71. Defendant's breach was material.

72. As a result of Defendant's breach of contract Plaintiff suffered damages including but not limited to:

a.   Loss of profits;

b.   Downtime expenses and losses;

c.   Diminished value;

d.   The value of the purchase price of the tractor-trailer (Plaintiff tender the trucks back in return for their full purchase price based upon the doctrine of revocation);

e.   Future repair expenses due to the defects that Defendant has failed to remedy,:

f.   Towing expenses;

g.   Lodging expenses;

h.   Unreimbursed driver downtime;

i.   Engine replacement costs;

j.   Increased fuel consumption expenses;

k.   Out of pocket repair and maintenance expenses;

l.   Loss of revenue; and

m.  All other economic, financial, consequential and incidental damages allowed by law or equity.

73. Defendant should refund the purchase price of the tractor-trailers as well as all damages relating to the breach of contract.

WHEREFORE, Plaintiff prays for judgment against Defendant Caterpillar in an amount that will fully, fairly and adequately compensate them for their damages, together with interest a provided by law and costs of this action.

<u>JURY DEMAND</u>

Plaintiff requests a jury trial on all issues triable to a jury.

**RICCOLO & SEMELROTH, P.C.**

By:      /s/
           **TIM SEMELROTH**
           State Bar No. AT0007057
           **JOHN RICCOLO**
           State Bar No. AT0006656
           Suite 1140, Plaza 425
           425 Second Street SE
           Cedar Rapids, Iowa 52401
           (319) 365-9200
           (319) 365-1114 (Facsimile)